UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*Plaintiff(s)*

KENNETH LOWERY,
et al.

Civil Case Number: 1:19-cv-579-PB

**v.**

*Defendant(s)*

DANIEL D. DONNA, JR,
. d/b/a DOUBLE D TRANSPORT

**PLAINTIFF'S ASSENTED-TO MOTION FOR APPROVAL OF SETTLEMENT**

**(THIRD-PARTY ACTION WITH WORKER'S COMPENSATION LIEN)**

NOW COMES the Plaintiff, Kenneth Lowery, by and through his attorneys, Kenison Law Office, PLLC and says as follows in support of his motion:

## Introduction

1. This is a Personal Injury case. Plaintiff was employed as a supervisor for Nordic Construction Services, LLC, based in Berlin, New Hampshire. On February 5, 2019, Plaintiff was the driver of a vehicle traveling from Berlin, NH to a work site in the State of Rhode Island. While traveling west on Route 2 in Randolph, New Hampshire, the Plaintiff encountered inclement weather and pulled over into the break down lane to wait for the state highway crews to treat the roadway. While waiting in the parked vehicle, the Plaintiff observed a tractor trailer traveling in an easterly direction, begin to lose control, careening towards the vehicle in front of the Plaintiff, as well as the Plaintiff's vehicle. The Defendant's vehicle collided violently with both the vehicle in front of the Plaintiff and the Plaintiff's vehicle.

**Worker's Compensation Background**

2. Since Plaintiff was acting within the scope of his employment at the time of this collision, he received worker's compensation benefits from his employer, in the form of payment for lost wages, medical payment benefits and a lump sum. As a result of these payments (which were made by the employer's worker's compensation insurance carrier), the carrier is entitled to be reimbursed from the proceeds of this third-party action, pursuant to N.H. RSA 281-A:13, I (b).

3. Plaintiff has entered into a settlement with Defendant of his claims against him.

4. In accordance with N.H. RSA281-A: 13, III & IV, court approval for the settlement must be obtained. This Court must approve the settlement between Plaintiff and Defendant, and provide for the reimbursement of the worker's compensation benefits paid by the insurance carrier, in recognition of the subrogation lien. In addition, the Court shall approve attorneys' fees and expenses, and apportion the net proceeds of the settlement between Plaintiff and the worker's compensation carrier.

**Settlement Details**

5. The amount of the settlement is $50,000.00. Per Plaintiff's contingent fee agreement with the law firm for undersigned counsel, attorneys' fees in this case are agreed to be one- third (1/3) of the settlement (i.e., $16,666.67). The legal expenses incurred in this case are $1,592.62.

6. Based upon all of these factors, Plaintiff's counsel believes that the settlement of $50,000.00, arrived at through negotiation with defense is reasonable and fair. Settlement in this amount was facilitated by Gregory Clayton, during a private mediation held on April 7, 2020 and subsequent negations. Plaintiff participated in the mediation session and negotiations, and has specifically authorized settlement at this amount.

7. Plaintiff's counsel has kept the worker's compensation insurance carrier informed throughout the process of this litigation and the carrier was represented at the mediation.

8. The worker's compensation insurance carrier has stated that the outstanding amount of payments made by it for indemnity, lost wages, and lump sum are in the amount of $85,668.81. See copy of e-mail correspondence from AIG Insurance attached.

9. Based on negotiations between the parties, the net amount due to the worker's compensation carrier is $16,666.66. The lienholder has agreed to accept this sum from the proposed settlement and has agreed to a “holiday” of $10,000.00. See, e-mail correspondence from AIG Insurance, attached.

10. The net recovery to Plaintiff, after payment of the costs and expenses of the action, and repayment of the appropriate amount to the worker's compensation carrier, is in the amount of $15,074.04.

11. Plaintiff's counsel has explained the "holiday" consequences of this net settlement to Plaintiff.

**Conclusion**

12. Plaintiff, with the assent of Defendant, requests that this Court approve the settlement, and the apportionment of the proceeds consistent with the calculations set forth below.

13. Due to the nature of this motion and the plain language of N.H. RSA 281-A: 13, no memorandum of law is necessary.

14. Defendant assents to this motion.

15. The Plaintiff assents to this Motion.

16. The Workers’ Comp Carrier assents to this motion.

17. The following payments are to be made:

    a) AIG: $16,666.66

    b) Kenison Law Office, PLLC: $16,666.67 + $1,592.62 (expenses) = $18,259.29 (less agreed fee reduction of $3,000) = $15,259.29

c) Ken Lowry: $16,666.67 - $1592.62(expenses) = $15,074.04 + $3,000.00 = $18,074.05

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Approve the gross settlement in the amount of $50,000.00 between the parties;

B. Approve the expenses and the costs of this action (legal fees and expenses) in the amount of $18,259.29 less agreed fee reduction of $3,000.00;

C. Find that the negotiated reimbursement to the worker's compensation insurance carrier is in the amount of $16,666.66and that they have reduced their "holiday" to $10,000;

D. Approve the payment of the net proceeds to the plaintiff in the amount of $15,075.05 plus $3,000.00 for net of $18,074.05 and,

E. Grant such other and further relief as may be just and equitable.

Dated: October 15, 2010

Respectfully submitted,
Kenneth Lowery
By his Attorneys,
Kenison Law Office, PLLC

/s/John B. Kenison, Jr.
John B. Kenison, Jr.
NH Bar #5548
913 Main St., Suite 603
Manchester, NH 03101
john@kenisonlaw.com
(603) 471-3550

## CERTIFICATE OF SERVICE

I certify that, on this 13th day of October, 2020, I forwarded a copy of the foregoing pleading to Lisa Smith, Esquire, opposing counsel, Jonathan S. Frizzell, Esquire, Philip Waystack, Esq. and Paul A. Ladas, Esq. counsel for AIG (workers' comp. carrier) via first class mail.